IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL FRANCIS HENDRIE,

    Plaintiff,

vs.

STATE OF PENNSYLVANIA, et al.,

    Defendants.

CIV S-06-1496 GEB PAN (GGH) PS

<u>ORDER</u> and

<u>FINDINGS & RECOMMENDATIONS</u>

       On July 5, 2006, plaintiff, who is proceeding pro se, paid the filing fee and filed his complaint. On July 6, 2006, plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to E. D. Cal. L. R. 72-302(21).

       Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff states he is not employed and has received Social Security disability payments since 1980. He states he declared Chapter 7 bankruptcy in 2005, owns no property, has no cash or accounts, and anticipates that he will become homeless. Accordingly, the request to proceed in forma pauperis will be granted.

       The Clerk of Court is directed to reimburse plaintiff the filing fee.

\\\\\

1

1  The determination that plaintiff may proceed in forma pauperis does not, however, complete the required inquiry.  Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  Additional general grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)).  The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

The complaint fails to meet any of these requirements.  The six-page handwritten pleading identifies plaintiff as a "Statesman" and "Royal Blue Blood - Europe, Queen Victoria's Son-in-Law[]," with an "Estate/Home" in "Neece, France," "the richest state in the world."  The complaint lacks coherent sentences and paragraphs; it consists of isolated words and partial sentences, coupled with lines, x's, and margin notes.  Countless people, presumably defendants, are named.  These include the State of Pennsylvania, the Governor of Pennsylvania (referred to as "Fast Eddie") and his wife, and U.S. Senator Arlen Spector, against all of whom plaintiff alleges civil rights violations and the kidnaping and murder of plaintiff's wife; Presidents Clinton and "George Busch - Senior," against whom plaintiff alleges murder, robbery, and treason; Bin Laden and "Alqae-Da" for treason; etc.  The complaint seeks, inter alia, the return of plaintiff's wife, "dead or alive;" the activation and settlement of a workers compensation case; and "325 trillion dollars" from Liberty Mutual Insurance Company.  Plaintiff has checked the following options on the portion of the civil cover sheet identifying "Nature of Suit:"  Insurance, Medicare Act, Voting, Employment, Housing Accommodations, Welfare, Other Civil Rights, Fair Labor Standards Act, Other Labor Litigation, Employment Retirement Insurance Security Act, Banks and Banking, Racketeer Influence Corrupt Organization, and Securities/Commodities Exchange.

\\\\\

1  Plaintiff's claims – to the extent they are discernable – are both fanciful and
2  legally frivolous. See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (a complaint is
3  frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and "inarguable
4  legal conclusion[s]").  The complaint fails to demonstrate this court's subject matter jurisdiction
5  (Fed. R. Civ. P. 12(b)(1)) or articulate claims upon which relief may be granted (Fed. R. Civ. P.
6  12(b)(6)).  The complaint also fails to put defendants fairly on notice of the claims against them.
7  See Fed. R. Civ. P. 8(a); Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80
8  (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990);
9  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Nor is the State of Pennsylvania a proper
10 defendant in this action.  See, e.g., In re Pegasus Gold Corp., 394 F.3d 1189, 1195 (9th Cir.
11 2005), citing Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 445 (2004) ("[t]he Eleventh
12 Amendment precludes suits 'in law or equity, commenced or prosecuted against one of the
13 United States by Citizens of another State, or by Citizens or Subjects of any Foreign State'" ).
14  The complaint must therefore be dismissed.  Because there is no reasonable
15 possibility that plaintiff can file a cognizable complaint, the dismissal should be with prejudice.
16  Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to
17 proceed in forma pauperis is granted; the Clerk of Court shall return to plaintiff the filing fee.
18  IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with
19 prejudice.

DATED: 8/9/06                                     /s/ Gregory G. Hollows
                                                  _____
                                                  GREGORY G. HOLLOWS
                                                  U. S. MAGISTRATE JUDGE

NOW6:HENDRIE.ifp